UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA JACKSON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 1:21-cv-03120-JPH-KMB |
| DENNIS REAGAL, et al., | ) |
| Defendants. | ) |

**ORDER ACKNOWLEDGING WITHDRAWAL OF EXHAUSTION DEFENSE AS TO CERTAIN PLAINTIFFS AND GRANTING UNOPPOSED MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFFS AYON AND BOATMAN**

Joshua Jackson and Edward Cook were inmates at Pendleton Correctional Facility ("PCF") where they, along with hundreds of other inmates, were exposed to contaminated water. *See* dkt. 106. They have filed this case against Indiana Department of Correction (IDOC) officials and medical providers at PCF. *See id.* This case is proceeding as the lead case regarding Legionnaires' disease at PCF, with other inmates proceeding in related actions. *See* dkt. 117 at 2. All related actions filed by December 2023 are proceeding as "Batch 1" cases for purposes of case management.

Defendants raised the affirmative defense of failure to exhaust administrative remedies as to 21 "Batch 1" Plaintiffs. After 18 of those Plaintiffs responded to oppose summary judgment, Defendants withdrew the defense against them. Dkt. 226. Defendants included Plaintiff Christopher McCaster in their list of Plaintiffs who opposed the summary judgment motion, but the Court notes that they previously filed a suggestion of death pertaining to Mr. McCaster.

Defendants' motion for summary judgment on the issue of exhaustion remains pending as to two Plaintiffs: Manuel Ayon and Maurice Boatman. Plaintiffs Ayon and Boatman have not responded to the motion and the time to do so has passed. For the following reasons, the unopposed motion is **granted**, and Plaintiffs Manuel Ayon and Maurice Boatman's claims are **dismissed without prejudice**.

## I. Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is required to consider only the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour the record" for evidence that is potentially

relevant. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Plaintiffs Ayon and Boatman have not responded to the summary judgment motion, and the deadline to do so has passed. When a summary judgment motion is unopposed, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment," though, "the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act (PLRA), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota,* 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Plaintiffs Ayon and Boatman] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is

4

'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III. Facts

The Indiana Department of Correction (IDOC) maintains an Offender Grievance Process, which is an administrative remedy program designed to address inmate complaints and concerns. Bodkin Affidavit, dkt. 204-1 at 1. To exhaust the grievance process's remedies, an inmate must complete several steps including multiple appeals. Grievance Policy, dkt. 204-2 at 3. But the parties dispute whether this process applied to Plaintiff's grievances regarding the water issue at PCF. Plaintiffs have presented evidence that IDOC officials suspended the usual grievance process and instead considered the full grievance process to have been completed when an inmate filed his initial grievance about the water issue. Smith Deposition, dkt. 220-1 at 14-15 (transcript pages 16-17).

Defendants submitted the grievance records of Plaintiff Ayon which do not reflect that he ever submitted a first level grievance about the water issue. Ayon Grievances, dkt. 204-5. Defendants also submitted sworn testimony that a search for Plaintiff Boatman's grievances during the relevant timeframe returned no grievances filed by him. Bookout Affidavit, dkt. 204-4 at 2.

### IV. Analysis

Defendants have designated evidence that administrative remedies were available to Plaintiffs Ayon and Boatman but they never pursued a formal grievance concerning the events underlying this lawsuit. Plaintiffs Ayon and Boatman did not respond with evidence or argument that they pursued any administrative remedies or that any remedies were actually unavailable to them. Therefore, the undisputed evidence shows that Defendants met their burden of demonstrating that "an administrative remedy was available, and that [Plaintiffs Ayon and Boatman] failed to pursue it." *Thomas*, 787 F.3d at 847.

### V. Conclusion

Defendants' motion for summary judgment, dkt. [203], is **granted as to** Plaintiffs Ayon and Boatman. Their claims are **dismissed without prejudice**. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice.").

The **clerk is directed** to docket this Order in case number 1:22-cv-01896-JPH-KMB and to enter final judgment.

The **clerk is further** directed to docket this Order in case number 1:23-cv-01741-JPH-KMB and to terminate Manuel Ayon as a plaintiff in that action. No partial final judgment shall issue in that case at this time.

**SO ORDERED.**

Date: 12/16/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA JACKSON
222115
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

EDWARD C. COOK
998849
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

All electronically registered counsel